SUCCESSION OF COLÓN, PLAINTIFF AND APPELLANT, *v.* COLÓN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Unlawful Detainer.

No. 1956.—Decided February 24, 1919.

UNLAWFUL DETAINER—CONFLICT OF TITLES—ORDINARY ACTION.—Questions of own-ership cannot be considered in a summary action of unlawful detainer, but only in the broad latitude of an ordinary action, for an action of unlawful detainer is not available for asserting rights more or less open to controversy. It is a special proceeding whose only purpose is to recover the possession of real property by ejecting therefrom a person detaining it without title.

The facts are stated in the opinion.
*Mr. Carlos Brunet del Valle* for the appellant.
*Mr. Eduardo Flores Colón* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action of unlawful detainer appealed from the District Court of Ponce.

The complaint sets up that the plaintiffs are the owners of two rural properties by title of inheritance, one of 27.25 acres and the other of 13.50 acres, both situated in the ward of Bauta Abajo, Barros, which properties their deceased father, José María Colón, acquired by public deeds of purchase and sale executed in the years 1879 and 1880 respectively and gave in usufruct to his lawful parents, Elías Colón and Concepción Rodríguez, to have and to hold during their

lives, the defendants having taken unlawful possession of the properties after the death of the usufructuaries.

Defendants José Elías and Rodulfo Colón y Rodríguez, the only defendants who appeared to answer the complaint, denied the allegations of the complaint and alleged that they did not hold the said properties at sufferance, but as owners under title of inheritance as the legitimate children of Elías Colón and Concepción Rodríguez, from whom and upon whose death they and the other children acquired the properties by inheritance; for although the deeds of conveyance appear in the name of José María Colón, the father of the plaintiffs, the sale was really made to his father, Elías Colón, who commissioned his said son José, the father of the plaintiffs, to act as the grantee, the taxes on said properties having been paid first by Elías Colón and, upon his death, by his heirs, the defendants.

The case went to trial and evidence was introduced by both parties. On November 12, 1918, the court rendered judgment dismissing the complaint without special imposition of costs and without prejudice to the exercise in the proper ordinary action of any right which the parties might have.

The evidence of the plaintiffs tends to show that the properties were really acquired by their father, José María Colón, while, on the other hand, that of the defendants tends to show that since the dates of the deeds of conveyance of the properties their parents, Elías Colón and Concepción Rodríguez, and, upon their death, the defendants, by title of inheritance, had been in possession of both properties as owners, paying the taxes assessed against them.

As shown by the pleadings and the evidence, the questions here involved are not such as can be disposed of in the summary action of unlawful detainer, but should be considered within the broader scope of an ordinary action. An action of unlawful detainer is not a proper one in which to

establish rights more or less in dispute, that action being a special proceeding whose only object is to recover the possession of real property by evicting therefrom any one holding possession without right or title. In corroboration of the foregoing doctrine we cite our opinions in the cases of *Mehrhof* v. *Rodríguez et al.*, 14 P. R. R. 56; *Torres et al.* v. *Pérez*, 18 P. R. R. 557; *Miranda* v. *Camerón et al.*, 19 P. R. R. 465; *Gandía* v. *Cabán*, 22 P. R. R. 773, and *Casanovas & Co.* v. *Ramírez et al.*, 25 P. R. R. 581, and cases there cited.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.